Cary R. Cadonau, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
      Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF THE CONTRACT ADMINISTRATION FUND, TRUSTEES OF CARPENTERS INTERNATIONAL TRAINING FUND, and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>      Plaintiffs,<br><br>    v.<br><br>HUYLAR CONSTRUCTION CO., INC.,<br><br>      Defendant. | Civil No. _____<br><br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

///     ///

Page 1 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

Plaintiffs allege:

# I

## THE PARTIES

1.      Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Local Training Fund), the Carpenters International Training Fund (International Training Fund), the Contract Administration Fund (Contract Fund) (collectively, "Trust Funds"), and the Pacific Northwest Regional Council of Carpenters (Union).

2.      The Health Fund, Vacation Fund, Local Training Fund and International Training Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA).  The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Trust Funds, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA.  The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund have discretionary authority and control over the management of those Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3.      The Union is a labor organization with its principal office and place of business in SeaTac, Washington.  The Union is the successor to the Pacific Northwest District Council of Carpenters.

Page 2 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel  |  503.221.1074 fax

4.      The Contract Fund is a trust fund created pursuant to a trust agreement.  The Contract Fund is governed by a board of trustees.

5.      Defendant is a Washington corporation. At all times material to this proceeding (September 2018, November 2018 and December 2018), Defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II

## JURISDICTION

6.      The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund against Defendant for violation of the provisions of 29 U.S.C. §§1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. §1132(e)(1) of ERISA.

7.      At all times material to this proceeding (September 2018, November 2018 and December 2018), a written collective bargaining agreement has existed between the Union and Defendant.  The collective bargaining agreement covers employees in an industry affecting commerce and the activities of Defendant affect commerce. The Court has jurisdiction over the Claim for Relief brought by each Plaintiff against Defendant for breach of the collective bargaining agreement pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

///      ///

///      ///

///      ///

Page 3 – **COMPLAINT**

### III

### JOINDER

8.      The obligations of Defendant to Plaintiffs arise out of the same collective

bargaining agreement.  Common questions of law and fact govern the claims each Plaintiff has

against Defendant.

### IV

### COMMON FACTS

9.      At all times material to this proceeding (September 2018, November 2018 and

December 2018), Defendant has been bound by a written collective bargaining agreement with

the Union.  Under the terms of the collective bargaining agreement, Defendant agreed to be

bound by the terms and conditions of the Trust Agreements which created the Trust Funds.

Defendant agreed to pay fringe benefit contributions on behalf of its employees performing work

covered by the collective bargaining agreement to the Trustees of the Trust Funds, and to remit

union dues to the Union at the hourly rates set forth in the collective bargaining agreement.

Defendant agreed to file monthly remittance report forms and to pay its contractually required

fringe benefit contributions to the Trustees of the Trust Funds and union dues to the Union by the

20th day of the month following the month in which the work was performed by its employees

who performed work covered by the collective bargaining agreement (the "Due Date").

10.      The Trust Agreements which created the Health Fund, Pension Fund, Vacation

Fund, and Local Training Fund provide that, if an employer fails to pay fringe benefit

contributions by the Due Date, the employer is liable for the delinquent fringe benefit

contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of

12% per annum from the Due Date until paid and liquidated damages in an amount equal to 1%

Page 4 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent up to a maximum of 20%.

11.     The Trust Agreement that created the International Training Fund provides that, if an employer fails to pay its fringe benefit contributions by the Due Date, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of 1.5% per month, compounded monthly, from the Due Date until paid, and liquidated damages in an amount equal to 20% of the delinquent or late paid fringe benefit contributions, or the amount of interest owed, whichever amount is greater.

12.     The Union is entitled to recover the union dues pursuant to the terms of the collective bargaining agreement, and interest on the delinquent or late paid union dues at the rate of 9% per annum from the Due Date until paid pursuant to ORS 82.010.

**V**

**CLAIM FOR RELIEF**

13.     Defendant has failed to file its monthly remittance report forms and pay its fringe benefit contributions and union dues owed for the work months of September 2018, November 2018 and December 2018, and the time for so doing has expired. Defendant should be required to file said remittance report forms, together with any remittance report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues, and pay liquidated damages on the delinquent fringe benefit contributions.

///        ///

///        ///

Page 5 – **COMPLAINT**

14.     The Trust Agreements that created the Trust Funds provide that, if an employer fails to pay its fringe benefit contributions by the Due Date and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to recover reasonable attorney fees. The Trustees of the Trust Funds are entitled to recover reasonable attorney fees from Defendant.

15.     The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund are also entitled to recover reasonable attorney fees from Defendant pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA.

WHEREFORE, Plaintiffs pray for a decree and judgment against Defendant as follows:

1.     Requiring Defendant to file its remittance report forms and pay its fringe benefit contributions and union dues owed for the months of September 2018, November 2018 and December 2018, together with all other remittance report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues, and pay liquidated damages on the delinquent fringe benefit contributions;

2.     Providing that Plaintiffs shall retain the right to conduct a future payroll examination of Defendant's books and records in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that Plaintiffs shall have the right to institute legal proceedings against Defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorney fees and court costs;

Page 6 – **COMPLAINT**

3.     Requiring Defendant to pay the Trustees of the Trust Funds reasonable attorney

fees;

4.     Requiring Defendant to pay Plaintiffs' costs and disbursements incurred in this

lawsuit; and

5.     For such further relief as the Court deems just and equitable.

DATED this 18th day of February 2019.

**BROWNSTEIN RASK, LLP**


/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Attorney for Plaintiffs

Page 7 – **COMPLAINT**